### (May 10, 1960)

■ BERNARD WEISINGER, Appellant, v. BERNARD BERFOND et al., Respondents.— Motion to dismiss appeals denied on condition that appellant be ready to argue or submit the appeals at the June 1960 Term, beginning May 23, 1960, for which term the appeals are ordered to be placed on the calendar. The records and appellant's brief must be served and filed on or before May 18, 1960. Nolan, P. J., Ughetta, Christ, Pette and Brennan, JJ., concur.

### (May 11, 1960)

■ In the Matter of MOLLY PATRICK et al., Respondents, against JAMES M. POWER et al., Constituting the Board of Elections of the City of New York, Respondents, and CHARLES BERKMAN, Appellant.— In a proceeding which, inter alia, seeks to cancel the registration of Charles Berkman as a voter and elector, said Charles Berkman, appearing specially, appeals from an order of the Supreme Court, Kings County, dated May 11, 1960, which denied his motion to dismiss the petition on the ground that it is insufficient. Order affirmed, without costs. No opinion. Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Pette, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLARD R. RYDER, Appellant.— Motion to dispense with printing denied, without prejudice to renewal upon service by the defendant of a timely notice of appeal. Beldock, Acting P. J., Kleinfeld, Christ, Pette and Brennan, JJ., concur.

### (May 12, 1960)

■ In the Matter of ALBERT MARTIN COHEN, an Attorney, Respondent. DENIS M. HURLEY, Petitioner.— Motion by respondent to extend his time to appear before the Judicial Inquiry until after the determination of his petition for certiorari to the United States Supreme Court. Motion denied, without prejudice to renewal after the Supreme Court's determination of such petition. Beldock, Acting P. J., Ughetta, Christ and Pette, JJ., concur; Kleinfeld, J., dissents and votes to grant the motion, with the following memorandum: From the majority's decision it would appear that they deem this application premature, but that they would be disposed to consider it favorably if it be made after the determination of the certiorari petition. In my opinion, the application before this court is not premature, and it should be granted now. The issues which respondent is seeking to have determined with finality in the United States Supreme Court are fundamental and are of vital importance to the members of the Bar, the courts and the public. Until the highest court in the land has spoken these issues will remain unsettled and unresolved. In prosecuting his certiorari petition this respondent is thus performing a distinct public service for all concerned. His action, therefore, should be facilitated.